UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| MASSIEL FRIAS, | : |
| Plaintiff, | : |
| v. | : No. |
| SENSIO, INC. d/b/a BELLA., | : |
| Defendant. | : |

## PLAINTIFF'S COMPLAINT

Plaintiff, by and through her attorneys, **JOHNSON BECKER, PLLC**, upon information and belief at all times hereinafter mentioned, alleges as follows:

## NATURE OF THE CASE

1. Defendant Sensio, Inc. d/b/a Bella ("Defendant Bella" or "Defendant") designs, manufactures, markets, imports, distributes, and sells a wide range of consumer kitchen products, including the subject ""Bella 6qt 10 in 1 Multicooker," which specifically includes the Model Number M-80B23G (referred to hereafter as "pressure cooker(s)") that is at issue in this case.

2. Defendant Bella boasts that it's pressure cookers feature a "[s]afety locking lid [that] unlocks only once pressure is released."[1] Despite Defendant's claims of "safety,"[2] it designed, manufactured, marketed, imported, distributed and sold, both directly and through third-party retailers, a product that suffers from serious and dangerous defects. Said defects cause significant risk of bodily harm and injury to its consumers.

---

[1] *See* https://bellahousewares.com/products-bella/6qt-pressure-cooker-touch-pad/ (last accessed November 29, 2021).
[2] *See* Bella 6qt 10 in 1 Multicooker Model Number M-60B23G Owner's Manual, pg.4, attached hereto as Exhibit A an incorporated by reference.

1

Case: 3:22-cv-00124-wmc   Document #: 1   Filed: 03/08/22   Page 2 of 11

3.      Specifically, said defects manifest themselves when, despite Defendant's statements, the lid of the pressure cooker is removable with built-up pressure, heat and steam still inside the unit. When the lid is removed under such circumstances, the pressure trapped within the unit causes the scalding hot contents to be projected from the unit and into the surrounding area, including onto the unsuspecting consumers, their families and other bystanders. The Plaintiff was able to remove the lid while the pressure cooker retained pressure, causing Plaintiff serious and substantial bodily injuries and damages.

4.      Defendant knew or should have known of these defects but have nevertheless put profit ahead of safety by continuing to sell its pressure cookers to consumers, failing to warn said consumers of the serious risks posed by the defects, and failing to recall the dangerously defective pressure cookers regardless of the risk of significant injuries to Plaintiff and consumers like them.

5.      Defendant ignored and/or concealed their knowledge of these defects in its pressure cookers from the Plaintiffs in this case, as well as the public in general, in order to continue generating a profit from the sale of said pressure cookers, demonstrating a callous, reckless, willful, depraved indifference to the health, safety and welfare of Plaintiff and others like her.

6.      As a direct and proximate result of Defendant's conduct, the Plaintiff in this case incurred significant and painful bodily injuries, medical expenses, physical pain, mental anguish, and diminished enjoyment of life.

## PLAINTIFF MASSIEL FRIAS

7.      Plaintiff is a resident and citizen of the City of Madison, County of Dane, State of Wisonsin Therefore, Plaintiff is a resident and citizen of the State of Pennsylvania for purposes of diversity pursuant to 28 U.S.C. § 1332.

2

8.     On or about December March 24, 2019 Plaintiff suffered serious and substantial burn injuries as the direct and proximate result of the pressure cooker's lid being able to be rotated and opened while the pressure cooker was still under pressure, during the normal, directed use of the pressure cooker, allowing its scalding hot contents to be forcefully ejected from the pressure cooker and onto Plaintiffs. The incident occurred as a result of the failure of the pressure cooker's supposed "safety locking lid," which purports that "the lid will not come off when it is in the LOCK position."[3] In addition, the incident occurred as the result of Defendant's failure to redesign the pressure cooker, despite the existence of economical, safer alternative designs.

## **DEFENDANT SENSIO, INC.**

9.     Defendant designs, manufactures, markets, imports, distributes, and sells a variety of consumer kitchen products including pressure cookers, air fryers, and blenders, amongst others.

10.    Defendant Bella is a Canadian Corporation, with a principal place of business located at 610 East River Road, STE 260, New Glasgow, Nova Scotia B2H 3S2. Therefore, Defendant is a resident and citizen of the Country of Canada for purposes of diversity pursuant to 28 U.S.C. § 1332.

## **JURISDICTION AND VENUE**

11.    This Court has subject matter jurisdiction over this case pursuant to diversity jurisdiction prescribed by 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity between the parties.

12.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391 all or a substantial part of the events or omissions giving rise to this claim occurred in this district.

---

[3] *Id*.

13. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant has sufficient minimum contacts with the State of Wisconsin and intentionally availed itself of the markets within Wisconsin through the promotion, sale, marketing, and distribution of its products.

## FACTUAL BACKGROUND

14. Defendant is engaged in the business of designing, manufacturing, warranting, marketing, importing, distributing, and selling the pressure cookers at issue in this litigation.

15. Defendant Bella boasts that its pressure cookers feature a "[s]afety locking lid [that] unlocks only once pressure is released."[4]

16. According to the Owner's Manual accompanying each individual unit sold, the pressure cookers' "safety locking lid" purportedly keeps the lid of the pressure cooker from opening once pressurize. Specifically:

    a. For your safety the lid will not come off when it is in the LOCK position.[5]

17. By reason of the forgoing acts or omissions, the Plaintiff used the pressure cooker with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of cooking.

18. Plaintiff used the pressure cooker for its intended purpose of preparing meals and did so in a manner that was reasonable and foreseeable by the Defendant.

19. However, the aforementioned pressure cooker was defectively and negligently designed and manufactured by the Defendant in that it failed to properly function as to prevent the lid from being removed with normal force while the unit remained pressurized, despite the appearance that all the pressure had been released, during the ordinary, foreseeable and proper use of cooking food

---

[4] *See* https://bellahousewares.com/products-bella/6qt-pressure-cooker-touch-pad/ (last accessed November 29, 2021).
[5] *See* Bella 6qt 10 in 1 Multicooker Model Number M-60B23G Owner's Manual, pg.4

with the product; placing the Plaintiff, her family, and similar consumers in danger while using the pressure cookers.

20. Defendant's pressure cookers possess defects that make them unreasonably dangerous for their intended use by consumers because the lid can be rotated and opened while the unit remains pressurized.

21. Further, Defendant's representations about "safety" are not just misleading, they are flatly wrong, and put innocent consumers like Plaintiff directly in harm's way.

22. Economic, safer alternative designs were available that could have prevented the Pressure Cooker's lid from being rotated and opened while pressurized.

23. Defendant knew or should have known that its pressure cookers possessed defects that pose a serious safety risk to Plaintiff and the public. Nevertheless, Defendant continues to ignore and/or conceal its knowledge of the pressure cookers' defects from the general public and continues to generate a substantial profit from the sale of their pressure cookers, demonstrating a callous, reckless, willful, depraved indifference to the health, safety and welfare of Plaintiff and others like her.

24. As a direct and proximate result of Defendant's intentional concealment of such defects, its failure to warn consumers of such defects, its negligent misrepresentations, its failure to remove a product with such defects from the stream of commerce, and its negligent design of such products, Plaintiffs used an unreasonably dangerous pressure cooker, which resulted in significant and painful bodily injuries upon the simple removal of the lid of the pressure cooker.

25. Consequently, the Plaintiff seeks damages resulting from the use of Defendant's pressure cooker as described above, which has caused the Plaintiff to suffer from serious bodily injuries, medical expenses, physical pain, mental anguish, diminished enjoyment of life, and other damages.

## CLAIMS FOR RELIEF

### COUNT I
### STRICT LIABILITY - DESIGN DEFECT

26.     Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

27.     Defendant is the manufacturer, seller, distributor, marketer, and supplier of the subject Pressure Cookers, which was negligently designed.

28.     Defendant failed to exercise reasonable care in designing, developing, manufacturing, inspecting, testing, packaging, selling, distributing, labeling, marketing, and promoting its Pressure Cookers, which were defective and presented an unreasonable risk of harm to consumers, such as the Plaintiff.

29.     As a result, the subject Pressure Cookers, including Plaintiff's Pressure Cooker, contain defects in their design which render them unreasonably dangerous to consumers, such as the Plaintiff, when used as intended or as reasonably foreseeable to Defendant. The defect in the design allows consumers such as Plaintiff to open the lid while the unit remains pressurized, despite the appearance that all the pressure has been released from the unit, and causes an unreasonable increased risk of injury, including, but not limited to, first, second and third-degree scald burns.

30.     Plaintiff in this case used her Pressure Cooker in a reasonably foreseeable manner and did so as substantially intended by Defendant.

31.     The subject Pressure Cooker was not materially altered or modified after being manufactured by Defendant and before being used by Plaintiff.

32.     The design defects allowing the lid to open while the unit was still pressurized directly rendered the Pressure Cookers defective and were the direct and proximate result of Defendant's

negligence and failure to use reasonable care in designing, testing, manufacturing, and promoting the Pressure Cookers.

33. As a direct and proximate result of Defendant's negligent design of its Pressure Cookers, the Plaintiff in this case suffered injuries and damages described herein.

34. Despite the fact that Defendant knew or should have known that the Plaintiff and consumers like her were able to remove the lid while the Pressure Cookers were still pressurized, Defendant continued to market its Pressure Cookers to the general public (and continues to do so).

**WHEREFORE**, Plaintiff demands judgment against Defendant for damages, together with interest, costs of suit, and all such other relief as the Court deems proper.

## COUNT II
## STRICT LIABILITY - FAILURE TO WARN

35. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully herein.

36. At the time in which the Pressure Cooker was purchased, up through the time Plaintiff was injured, Defendant knew or had reason to know that its Pressure Cookers were dangerous and created an unreasonable risk of harm to consumers.

37. Defendant had a duty to exercise reasonable care to warn consumers of the dangerous conditions or the facts that made its Pressure Cookers likely to be dangerous.

38. As a direct and proximate result of Defendant's negligent failure to warn of the dangers of its Pressure Cookers, the Plaintiff in this case suffered injuries and damages described herein.

39. Despite the fact that Defendant knew or should have known that consumers were able to remove the lid while the Pressure Cookers were still pressurized, Defendant continued to market its Pressure Cookers to the general public (and continues to do so).

**WHEREFORE**, Plaintiff demands judgment against Defendant for damages, together with interest, costs of suit, and all such other relief as the Court deems proper.

## COUNT III
## NEGLIGENCE

40. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

41. Defendant has a duty of reasonable care to design, manufacture, market, and sell non-defective Pressure Cookers that are reasonably safe for their intended uses by consumers, such as Plaintiff and her family.

42. Defendant failed to exercise ordinary care in the manufacture, sale, warnings, quality assurance, quality control, distribution, advertising, promotion, sale and marketing of its Pressure Cookers in that Defendant knew or should have known that said Pressure Cookers created a high risk of unreasonable harm to the Plaintiff and consumers alike.

43. Defendant was negligent in the design, manufacture, advertising, warning, marketing and sale of its Pressure Cookers in that, among other things, it:

    a. Failed to use due care in designing and manufacturing the Pressure Cookers to avoid the aforementioned risks to individuals;

    b. Placed an unsafe product into the stream of commerce;

    c. Aggressively marketed its Pressure Cookers through social media and other advertising outlets; and

    d. Was otherwise careless or negligent.

44. Despite the fact that Defendant knew or should have known that consumers were able to remove the lid while the Pressure Cookers were still pressurized, Defendant continued to market (and continues to do so) its Pressure Cookers to the general public.

**WHEREFORE**, Plaintiff demands judgment against Defendant for damages, together with interest, costs of suit, and all such other relief as the Court deems proper.

## JURY TRIAL DEMANDED

Plaintiff demands that all issues of fact of this case be tried to a properly impaneled jury to the extent permitted under the law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against the Defendant for damages, including punitive damages if applicable, to which she is entitled by law, as well as all costs of this action, interest and attorneys' fees, to the full extent of the law, whether arising under the common law and/or statutory law, including:

a. judgment for Plaintiff and against Defendant;

b. damages to compensate Plaintiff for her injuries, past and future medical bills, economic losses and pain and suffering sustained as a result of the use of the Defendant's Pressure Cookers;

c. pre and post judgment interest at the lawful rate;

d. a trial by jury on all issues of the case;

e. an award of attorneys' fees; and

f. for any other relief as this Court may deem equitable and just, or that may be available under the law of another forum to the extent the law of another forum is applied, including but not limited to all relief prayed for in this Complaint and in the foregoing Prayer for Relief.

Respectfully submitted,

|  |  |
|---|---|
|  | **JOHNSON BECKER, PLLC** |
| Dated: <u>March 8, 2022</u> | */s/ Adam J. Kress, Esq.*<br>Michal K. Johnson, Esq.<br>Kenneth W. Pearson, Esq.<br>Adam J. Kress, Esq.<br>444 Cedar Street, Suite 1800<br>(612) 436-1800 / (612) 436-1801 (fax)<br>mjohnson@johnsonbecker.com<br>kpearson@johnsonbecker.com<br>akress@johnsonbecker.com<br><br>***Attorneys for Plaintiff*** |